**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation, <br><br> *Plaintiffs,* <br><br> v. <br><br> ORION ARMS CORP, d/b/a, ORION WHOLESALE, an Indiana Corporation, <br><br> Defendant. | Civil Action No. 4:26-cv-00032-TWP-KMB <br><br> JURY TRIAL DEMANDED |

## <u>DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT</u>

Defendant Orion Arms Corp ("Orion" or "Defendant") hereby answers Plaintiffs ABC IP, LLP and Rare Breed Triggers, Inc.'s (collectively "Plaintiffs") First Amended Complaint and asserts its affirmative defenses as set forth below. Defendant denies that it has infringed any valid, enforceable claim of the Asserted Patents. Defendant uses the same headings used in Plaintiffs' First Amended Complaint but denies any allegations inherent or implied by Plaintiffs in the headings. Defendant denies all allegations of the First Amended Complaint that are not expressly admitted below.

## <u>PARTIES</u>

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

3. Admitted.

**JURISDICTION AND VENUE**

4.      Admitted that this action purports to be an action for patent infringement arising under 35 U.S.C. §§ 271(a)-(c), 281, and 283-85. Defendant denies any alleged patent infringement and any remaining allegations in this paragraph.

5.      Admitted.

6.      Admitted.

7.      Defendant does not contest venue is proper in this district. Defendant denies any alleged patent infringement and any remaining allegations in this paragraph.

**BACKGROUND**

8.      Admitted that the lawsuit purports to assert direct, contributory, and induced infringement of U.S. Patent Nos. 12,038,247 ("the '247 Patent"), 12,031,784 ("the '784 Patent"), and 12,578,159 ("the '159 Patent") (together, "the Asserted Patents"). Defendant denies any alleged direct, contributory, or induced infringements of any of the Asserted Patents. Defendant denies any remaining allegations in this paragraph.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15.     Denied.

## THE INVENTIONS

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21.     Defendant admits that claims are relevant to the scope of any alleged patented invention. However, this paragraph is an incomplete explanation of the law and Defendant denies any allegations therein.

## THE INFRINGING DEVICE

22.     Defendant admits it sells or offers for sale an Atrius Forced Reset Selector ("Accused Device," which Plaintiffs erroneously call "the Infringing Device"). Defendant denies that the Accused Device infringes any Asserted Patent. Defendant denies any remaining allegations in this paragraph.

23.     Defendant admits it has sold or offered for sale the Accused Device on its website. Defendant denies any remaining allegations in this paragraph.

3

24.     Defendant admits to selling or offering for sale a single lever version and an ambidextrous version of the First Accused Device. Defendant denies any remaining allegations in this paragraph.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

### COUNT I – INFRINGEMENT OF THE '247 PATENT

26.     This paragraph makes no new allegations. Defendant refers to their responses in the preceding paragraphs. Defendant denies any remaining allegations in this paragraph.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

### COUNT II – INFRINGEMENT OF THE '784 PATENT

40.     This paragraph makes no new allegations. Defendant refers to their responses in the preceding paragraphs. Defendant denies any remaining allegations in this paragraph.

4

41.	Denied.

42.	Denied.

43.	Denied.

44.	Denied.

45.	Denied.

46.	Denied.

47.	Denied.

48.	Denied.

49.	Denied.

50.	Denied.

51.	Denied.

52.	Denied.

53.	Denied.

## COUNT III – INFRINGEMENT OF THE '159 PATENT

54.	This paragraph makes no new allegations. Defendant refers to their responses in the preceding paragraphs. Defendant denies any remaining allegations in this paragraph.

55.	Denied.

56.	Denied.

57.	Denied.

58.	Denied.

59.	Denied.

60.	Denied.

61.	Denied.

62.	Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

## PRAYER FOR RELIEF

No response to the prayer for relief is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief against Defendant.

## DEMAND FOR JURY TRIAL

No response to the demand for jury trial is required. To the extent a response is required, Defendant denies that Plaintiffs have any cognizable claim that merits resolution by a jury.

## AFFIRMATIVE DEFENSES

Defendant asserts, without assuming any burden of pleading or proof that would otherwise rest on the Plaintiffs, the following defenses and reserve the right to amend as additional information becomes known.

## FIRST DEFENSE

Defendant has not infringed and does not infringe any valid, enforceable claim of U.S. Patent Nos. 12,038,247; 12,031,784; or 12,578,159 under any theory, including literally, under the doctrine of equivalents, directly, contributorily, by inducement, willfully, or any other manner.

## SECOND DEFENSE

The asserted claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

6

**THIRD DEFENSE**

Plaintiffs are estopped from construing any valid claim of the Asserted Patents to cover or include, either literally or by application of the doctrine of equivalents, any of the accused products in the event of any admissions and/or statements made to the USPTO in the specification of, and during the prosecution of, the applications leading to the issuance of Asserted Patents.

**FOURTH DEFENSE**

Any recovery of damages by Plaintiffs is limited in whole or in part pursuant to 35 U.S.C. §§ 287 and/or 288.

**FIFTH DEFENSE**

Plaintiffs' claims for relief against Defendant are barred, in whole or in part, under the principles of equity, including waiver, estoppel, intervening rights, prosecution history estoppel and/or disclaimer, and/or unclean hands.

**SIXTH DEFENSE**

To the extent that Plaintiffs, any predecessors-in-interest to the Asserted Patents, or their licensees failed to properly mark any of their relevant products, the monetary damages sought by Plaintiffs are limited in whole or in part for failure to comply with 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

**SEVENTH DEFENSE**

Plaintiffs claims are not subject to an exceptional case finding under 35 U.S.C. § 285 and Plaintiffs are not entitled to its costs and attorneys' fees.

**EIGHTH DEFENSE**

Plaintiffs' claims for patent infringement are precluded in whole or in part: (i) to the extent that any Accused Products are imported by, sold by or to, offered for sale by, made by,

made for, or otherwise supplied (directly or indirectly) by or to any entity or entities having express or implied licenses to the Asserted Patents; (ii) under the doctrine of patent exhaustion; and/or (iii) any doctrine precluding double recovery for claims of infringement attributable to the same device.

## NINTH DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## TENTH DEFENSE

Plaintiffs have engaged in patent misuse by attempting to leverage the Asserted Patents to improperly monopolize a field of long-known technology. Plaintiffs have further pursued a pattern of scattershot litigation against dealers and competitors in an effort to chill lawful competition, and have sought to extend the scope of their patent rights beyond any lawful bounds, including by asserting claims they knew or should have known are invalid and not infringed. Misuse renders the Asserted Patents unenforceable unless and until the misuse is purged.

## ELEVENTH DEFENSE

Defendant has not acted willfully. Plaintiffs cannot meet their burden to show Defendant had the requisite knowledge or intent or engaged in any conduct beyond typical infringement, and any claim for enhanced damages under 35 U.S.C. § 284 is therefore barred.

## TWELFTH DEFENSE

Any alleged harm is fully compensable through monetary remedies, including lost profits or a reasonable royalty. Plaintiffs' delay in filing suit and decision to pursue dealers in multiple jurisdictions without seeking prompt injunctive relief undercut any claim of irreparable harm and reflect a pattern of using litigation to chill lawful competition rather than to redress cognizable injury. The public interest favors competition and lawful aftermarket innovation.

## **THIRTEENTH DEFENSE**

The asserted claims of U.S. Patent No. 12,038,247 are unenforceable due to inequitable conduct. On information and belief, individuals associated with the prosecution of the '247 patent, including at least attorney Glenn D. Bellamy and others substantively involved, knowingly withheld material prior art and made affirmative misrepresentations to the USPTO with the specific intent to deceive. This breach of the duty of candor renders the asserted claims unenforceable.

## **RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Defendant has not knowingly or intentionally waived any applicable defenses, and they reserve the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Defendant reserves the right to amend, or seek to amend, their answer, including their affirmative and other defenses.

9

Dated: May 11, 2026.

/s/ Conor M. Civins
Conor M. Civins
Texas Bar No. 24040693
conor.civins@bracewell.com
BRACEWELL LLP
111 Congress Ave. Suite 2300
Austin, TX 78701
Telephone: (512) 472-7800
Fax: (800) 404-3970

*Counsel for Orion Arms Corp*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 11, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Conor M. Civins
Conor M. Civins